IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NOS. 06-155-3, 06-490-2 |
| LEROY FIELDS | : | |

## MEMORANDUM

**SURRICK, J.**                                                                **DECEMBER 23, 2020**

Leroy Fields has served approximately 60% of his 300-month sentence for a string of violent gunpoint robberies.  He seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Case No. 06-155-3, ECF No. 235; Case No. 06-490-2, ECF No. 185.)  Fields argues that he suffers from underlying medical conditions that place him at a high risk of severe illness or death from the current global pandemic of COVID-19.  For the reasons that follow, Fields's Motion will be denied.

## I.    BACKGROUND

Fields was sentenced to 300 months' incarceration for crimes he pleaded guilty to in two separate cases.  In the first case, Case No. 06-155-3, Fields was charged with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); interfering with, and aiding and assisting the interference with, interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  The charges relate to two violent robberies.  The first occurred in September 2005, when Fields and two other individuals robbed a UPS deliveryman in Philadelphia at gunpoint.  (Presentence Report ("PSR") 6 (on file with Court).)  The second robbery took place at a Currency Now store in Philadelphia in October 2005.  Fields and two co-

defendants entered the store pretending to be UPS deliverymen, pointed the gun at the store manager's head, tied up the store manager and another employee, and stole cash from inside the safe at the store. (*Id.* at 7.) On July 1, 2007, Fields entered a plea of guilty to these charges. (*Id.*)

In the second case, Case No. 06-490-2, Fields pleaded guilty to the following charges: conspiracy to commit interstate robbery, in violation of 18 U.S.C. § 1951(a); interfering with and aiding and abetting the interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 2; and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The charges relate to two additional violent gunpoint robberies. In May of 2006, Fields acted as a lookout driver when his co-defendant entered a JM Film store in Philadelphia, pointed a handgun at an employee, and stole over $1,500. (PSR 11.) In July of 2006, Fields went back to the same JM Film store, but this time he entered the store. Fields struck the clerk in the head with a handgun and held the clerk at gunpoint until his co-defendants searched the store for money. (*Id.*) The two dockets were consolidated for purposes of sentencing. On April 18, 2008, Fields was sentenced to 300 months' incarceration and five years of supervised release by the Honorable Stewart Dalzell.

Fields is only 43 years old. He is currently serving his sentence at FCI McKean, in Pennsylvania. He has served approximately 174 months of his 300-month sentence. Factoring in credit for good conduct time, Fields is scheduled to be released on December 17, 2027. Fields has received 7 disciplinary infractions while in custody, one of which related to his possession of a hazardous tool, and another of which related to having marijuana in his locker.

## II.    DISCUSSION

In support of his motion for a compassionate release, Fields argues that his underlying health conditions—which he alleges include chronic kidney disease, hypothyroidism, PTSD, "pressure around his heart," having a trait for sickle cell and being borderline diabetic—place him at risk of serious illness or death in light of the global pandemic caused by COVID-19.  He also contends that a compassionate release is justified because the Bureau of Prisons ("BOP") has failed to protect its inmates, and because he has exhibited "extraordinary rehabilitation while incarcerated." (Def.'s Mot. 3.)   The Government opposes the Motion.  (Case No. 06-155-3, ECF No. 237; Case No. 06-490-2, ECF No. 186.)

A district court may reduce an inmate's sentence as a form of compassionate release if the defendant has exhausted administrative remedies and "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).   There is no dispute that Fields has exhausted administrative remedies.

Courts faced with motions for compassionate release in light of COVID-19 consider: (1) whether "extraordinary and compelling" reasons exist to reduce the defendant's sentence; (2) whether the defendant is a danger to the community under § 3142(g); and (3) whether the § 3553(a) sentencing factors support a sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *see also United States v. Pabon*, 458 F. Supp. 3d 396, 300 (E.D. Pa. 2020); *United States v. Mathe*, No. 14-528, 2020 WL 3542177, at *3 (E.D. Pa. June 30, 2020); *United States v. Hannigan*, No. 19-373, 2020 WL 4015238, at *3 (E.D. Pa. July 16, 2020).   To show "extraordinary and compelling reasons," courts have generally required defendants to show two things:  (1) advanced age or a serious medical condition that places them at a high risk of serious complications or death if infected with COVID-19; and (2) a more than mere speculative risk of

3

exposure to the virus at the prison where the inmate is housed. *See United States v. Somerville*, 463 F. Supp. 3d 585, 596-97 (W.D. Pa. 2020) (citing cases).

Fields has not presented extraordinary and compelling reasons justifying a compassionate release. At 43 years old, Fields is not at an advanced age. He also does not suffer from a serious medical condition that places him at a high risk of serious complications or death if were to become infected with COVID-19. The Court has reviewed the prison medical records provided by the Government. The records do not support Fields's allegations that he suffers from chronic kidney disease, chronic hypertension, or pressure around his heart. In addition, although the CDC recognizes that individuals who have "sickle cell disease" are at an increased risk of severe illness from COVID-19, Fields does not have sickle cell disease.[1] Instead, his bloodwork showed that he inherited the sickle cell gene but does not exhibit the disease. Simply inheriting the sickle cell trait does not place an individual at an increased risk of severe illness from COVID-19. Finally, having PTSD or hypothyroidism, or being a "borderline diabetic" does not place Fields at an increased risk.

Because Fields does not present a medical condition that places him at an increased risk of serious illness or death, he has failed to demonstrate extraordinary and compelling reasons justifying his release. *See United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) (observing that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner"); *United States v. Maldonado*, 454 F. Supp. 3d. 443, 449 (M.D. Pa. 2020) ("[A]t a minimum courts have typically required proof of a defendant's particular vulnerability

---

[1] *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec 23, 2020).

to the disease in order to constitute a compelling reason for release." (citation and internal quotation marks omitted)).

However, even if Fields could demonstrate extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), a compassionate release is still not warranted under the circumstances. "[B]efore granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3535(a) to the extent that they are applicable." *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (internal quotations and citations omitted); *see also* U.S.S.G. § 1B1.13. The sentencing factors courts consider include: the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1); the "history and characteristics of the defendant," *id*.; and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense, . . . to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant" *id*. § 3553(a)(2)(A)-(C). Courts must also consider whether the defendant is a "danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

A review of the sentencing factors counsels against granting Fields a compassionate release. The nature and circumstances of the charges were very serious. *See id*. § 3553(a)(1). Fields was involved in four violent robberies. All of the robberies involved the use of a firearm to threaten or injure the victims. During one robbery, victims were tied up and had guns held to their heads. In another robbery, Fields struck the victim on the head with a firearm, attempted to restrain him with cuffs, and continued to hold him at gunpoint while his co-defendants searched for money in the store. In addition, these robberies were committed within two years of Fields's release from custody for another violent robbery involving a firearm that he committed in the mid-1990s. Serving the full sentence imposed on him is necessary to protect the safety of the

community, 18 U.S.C. § 3553(a)(2)(C), to reflect the seriousness of the underlying crime, *id.* § 3553(a)(2)(C), and to afford adequate deterrence of violent robbery crimes, *id.* § 3553(a)(2)(B).

Finally, Fields has served just over half of his sentence.  Granting him a release now would undermine the need for the sentence to reflect the "seriousness of the offense," "respect for the law," and "adequate deterrence." *Id.*; *see also United States v. Holmes*, No. 08-495, 2020 WL 4504440, at *3 (E.D. Pa. Aug. 5, 2020) (denying compassionate release to inmate with underlying medical conditions where inmate had served only 155 months of 300 month-sentence for armed carjacking, and "[r]eleasing defendant now would cut his current sentence by almost half and would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct"); *United States v. Spivey*, 471 F. Supp. 2d 621, 624 (E.D. Pa. 2020) (denying compassionate release to inmate who committed a string of violent robberies because despite his demonstrated rehabilitation, he served only 10.5 years of a 14-year sentence); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (affirming denial of compassionate release to terminally-ill inmate who had established extraordinary and compelling reasons under statute because § 3553(a) sentencing factors counseled against release and because inmate had served only 14 years of 30-year sentence).

Fields argues that his extensive rehabilitation while in custody supports a compassionate release.  Fields has completed numerous rehabilitative and training programs while incarcerated, and his efforts should be commended.  However, rehabilitation alone does not entitle Fields to a compassionate release.  *See* U.S.S.G. § 1B1.13 cmt. n.3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, *by itself*, an extraordinary and compelling reason for

purposes of this policy statement.") (emphasis added); *United States v. Rodriguez*, 451 F. Supp.

3d 392, 405 (E.D. Pa. 2020) (stating that the defendant's "rehabilitation *alone* would not

constitute an extraordinary and compelling reason") (emphasis in original).

## III.   CONCLUSION

For these reasons, Fields's request for a compassionate release is denied.  An Appropriate

Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**