IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NOS. 06-155-03, 06-490-2 |
| LEROY FIELDS | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                   **MAY 9, 2025**

**I.      BACKGROUND**

On April 18, 2008, the Court entered judgment against Defendant Leroy Fields on seven criminal counts to which Fields entered pleas of guilty in two separate cases. In the first case, No. 06-155-3, Fields entered pleas of guilty to: conspiracy to interfere with interstate commerce by threat or violence, in violation of 18 U.S.C. § 1951(a); interfering, and aiding the interference, with interstate commerce by threat or violence, in violation of 18 U.S.C. §§ 1951(a) and 2; and using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In the second case, No. 06-490-2, Fields entered pleas of guilty to: conspiracy to interfere with interstate commerce by threat or violence, in violation of 18 U.S.C. § 1951(a); interfering, and aiding the interference, with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 2; and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

On May 17, 2016, Defendant filed a motion under 28 U.S.C. § 2255 in both criminal cases seeking to vacate his convictions under Section 924(c) based on *Johnson v. United States*, 576 U.S. 591 (2015) and *Davis v. United States*, 588 U.S. 445 (2019). Separately, on May 11, 2020, Fields filed a timely *pro se* amendment to his Section 2255 motion seeking appointment of counsel to challenge his conviction based on *Rehaif*, 588 U.S. 225 (2019), which clarified the necessary

elements to prove a felon-in-possession charge under 18 U.S.C. § 922(g). The Government responded on April 22, 2021. On May 8, 2024 Defendant filed a Notice of Governing Authority noting recent Third Circuit precedent in *United States v. Stoney*, 62 F.4th 108, 114 (3d Cir. 2023) and *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020).

For the following reasons Defendant's Section 2255 Motion, and his request for appointment of counsel to pursue relief under *Rehaif*, will be denied.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court is permitted to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). If the Court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, it may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Whether Defendant's Section 924(c) Convictions Should Be Vacated Under *Johnson* And *Davis*.

In *Johnson*, the Supreme Court considered a constitutional challenge to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e). 576 U.S. at 593. Under that Act, a defendant convicted of being a felon in possession of a firearm is subject to enhanced punishment if he had at least three previous convictions for a "violent felony." *Id.* The definition of "violent felony" under the Act includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §

924(e)(2)(B)(ii).  The Supreme Court held that this component of the definition, referred to as the "residual clause," was unconstitutionally vague.  *Johnson*, 576 U.S. at 593, 606.

Here, Defendant was convicted under 18 U.S.C. § 924(c), not the provision at issue in *Johnson*, § 924(e).  Section 924(c) criminalizes anyone who "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  18 U.S.C. § 924(c)(1)(A).  Section 924(c) defines "crime of violence" through the "elements clause" and the "residual clause."  Section 924(c)'s residual clause, while different from that addressed in *Johnson* for "violent felony" under § 924(e), is similar.  Recognizing that the provisions "bear more than a passing resemblance," in *Davis* the Supreme Court held that Section 924(c)'s residual clause is also unconstitutionally vague.  588 U.S. at 451–52.  A predicate crime must therefore satisfy the elements clause for a conviction under § 924(c) to remain valid.

Therefore the key question is whether the predicate crimes for Defendant's Section 924(c) convictions are valid "crimes of violence" as defined by the elements clause.

### 1. Completed Hobbs Act Robbery Convictions Are Valid Predicate Offenses Under Section 924(c).

Defendant argues that Hobbs Act robberies do not qualify as "crime[s] of violence" under the elements clause of Section 924(c).  However, the Third Circuit—agreeing with the Fourth, Eighth, and Tenth Circuits—has found that "a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)."  *Stoney*, 62 F. 4th at 113-14 (3d Cir. 2023).  Therefore, Defendant's convictions for Hobbs Act robbery are valid predicate offenses under Section 924(c).

3

>    2. **Defendant's Section 924(c) Convictions Based Both on Hobbs Act Robbery, And Conspiracy to Commit Hobbs Act Robbery, Remain Valid.**

Defendant contends that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under Section 924(c) because it lacks an overt act requirement and does not require the use or attempted use of force. Courts in this circuit have generally agreed. *See United States v. Hung Ngoc Vuong*, No. 12-111, 2024 WL 1773387, at *3 (E.D. Pa. Apr. 24, 2024) (collecting cases and explaining that "Hobbs Act conspiracy, like attempted Hobbs Act robbery, is generally acknowledged to not qualify as a § 924(c) predicate crime of violence"). However, where a Section 924(c) conviction is based both on conspiracy to commit Hobbs Act robbery and completed Hobbs Act robbery, the conviction will stand. *See Wilson*, 960 F.3d at 151 (holding that any error in instructing the jury that conspiracy could serve as a predicate offense was harmless since the jury convicted on both charges, leaving "no reasonable possibility" the § 924(c) conviction rested solely on conspiracy); *see also Hung Ngoc Vuong*, 2024 WL 1773387, at *3 (E.D. Pa. Apr. 24, 2024) (denying defendant's motion under § 2255 "[b]ecause the record reflects that Vuong's § 924(c) conviction was predicated on both conspiracy to commit Hobbs Act robbery and a completed Hobbs Act robbery.").

In Case No. 06-155-03 the Second Superseding Indictment references both conspiracy to commit Hobbs Act robbery and completed Hobbs Act robbery as predicate offenses for the Section 924(c) conviction in Count IV. The charge in Count IV references the conduct that occurred "[o]n or about October 1, 2005," which is the date of the completed Hobbs Act robbery described in Count III, to which Defendant also pled guilty. Therefore, the language in Count IV demonstrates that Defendant's Section 924(c) conviction was based on a completed Hobbs Act robbery.

Likewise, in Case No. 06-490-2 the Indictment references both conspiracy to commit Hobbs Act robbery and completed Hobbs Act robbery in the Section 924(c) count. Again, the

language in the indictment shows that the offense was predicated on a completed Hobbs Act robbery. (*See* Indictment, ECF No. 12 at Count V (referencing conduct that occurred "[o]n or about July 2, 2006," which is the date of the completed Hobbs Act robbery in Count III, to which Defendant also pled guilty); *see also* PSR ¶ 31 (stating that during the robbery on July 2, 2006, Fields pointed a loaded gun at an employee's head.)

The record establishes that the crimes of completed Hobbs Act robbery served as sufficient predicate offenses to support Defendant's Section 924(c) convictions.

### B. Defendant's Request for Appointment of Counsel And Challenge to His Section 922(g) Conviction Under *Rehaif*.

Defendant seeks leave to amend his initial Section 2255 Motion by adding a claim to challenge his conviction under Section 922(g) based on *Rehaif*. In *Rehaif*, the Supreme Court clarified that, when seeking a felon-in-possession conviction, the Government "must prove both that the defendant knew he possessed a firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237. Here, Defendant seeks the appointment of counsel to assist in his *Rehaif* challenge, which he claims can entail complexities such as issues of waiver, procedural default, and retroactive application.

#### 1. Appointment of Counsel Is Warranted When Defendant Has Presented A Nonfrivolous Claim And Appointment Would Benefit The Petitioner And Court.

Pursuant to 18 U.S.C. § 3006A(a)(2)(B)) whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who - . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." In determining whether the interests of justice require the appointment of counsel the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. *Taylor v. Mason*, No. 22-5054, 2025 WL 521840, at *2 (E.D. Pa. Feb.

5

18, 2025). Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. *Reese v. Fulcomer*, 946 F.2d 247 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d) (internal quotations omitted). Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record." *See id.* (collecting cases).

### 2. Defendant Cannot Establish a Nonfrivolous Claim Under *Rehaif* Because He Cannot Show Actual Prejudice Or Innocence.

Since Fields did not raise the *Rehaif* issue until he filed his § 2255 petition, we must first determine whether this claim is subject to default. As a general rule "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Fields can also overcome default by showing actual innocence. *United States v. De Castro*, 49 F.4th 836, 845 (3d Cir. 2022).

"Cause may exist where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Unites States v. Vilella*, No. 16-285-2, 2020 WL 6136139, at * 7 (E.D. Pa. Oct. 15, 2020). Most courts in the Third Circuit have found that arguments under *Rehaif* are not sufficiently novel to overcome default in the § 2255 context because the issue "was percolating in the courts for years.'" *Lyons*, 2024 WL 3470846, at * 13 (quoting *Vilella*, 2020 WL 6136139, at * 7 and collecting cases). However, Justice Alito noted in his *Rehaif* dissent that the majority overturned a "long-established interpretation . . . adopted by every single Court of Appeals to address the question." *Rehaif*, 588 U.S. at 238-39 (Alito, J., dissenting). Since Fields' sentencing occurred more than a decade prior to the ruling in *Rehaif*, he may be able to show cause.

Nevertheless, we need not resolve the issue because, even if Fields could show that cause exists, he cannot establish actual prejudice stemming from his procedural default or actual innocence.

To establish prejudice in the context of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, the undisputed presentence report shows Fields was previously convicted as an adult of charges related to two violent robberies he committed in 1994 at age 17. PSR ¶ 89. The counts of conviction included felony charges of robbery and aggravated assault. *Id.* He was sentenced to 5 to 10 years in state prison, and served more than six years before being paroled on February 8, 2001. He then violated parole and was reincarcerated for two more years, until December 11, 2003, PSR ¶¶ 89-90, less than three years before the crime at issue here. Given that Fields served much more than one year in prison, on multiple occasions, he cannot show that he was unaware of his felon status. *See United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *4 (finding no prejudice to overcome default of *Rehaif* claim where defendant had seven prior felony convictions and spent over three years in prison); *see also Greer v. United States*, 593 U.S. 503, 504 (2021) (finding no reasonable probability defendant would have changed plea had district court correctly advised of Section 922(g) elements where defendant had multiple prior felony convictions).

Given Fields' past felony convictions and the time spent in prison prior to his felon-in-possession conviction, he cannot show actual innocence to overcome default. *See Bousley v. United States,* 523 U.S. 614, 622 (1998) (to show actual innocence in order to overcome default requires showing "it is more likely than not that no reasonable juror would have convicted"); *see also United States v. Correa*, 2020 WL 5517466, at *3 (E.D. Pa. Sept. 14, 2020) (Kenney, J.) (finding the defendant could not show actual innocence, as his "Presentence Investigation Report,

7

to which he did not object, shows that before possessing the firearm on or about March 27, 2008, Correa plead guilty to and was convicted of four felony offenses under Pennsylvania law.").

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255 and his Supplemental Motion for Purposes of *Rehaif v. United States* And Appointment of Counsel Motion, will be denied.  An appropriate order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**